ROBERT TAYLOR *v.* THOMAS CARNEY *et al.*

*Error from Shawnee County.*

When, at the time an action was instituted in the district court of Douglas county, the defendant was a non-resident of and absent from the state, but had property in that county, which plaintiff sought to reach by attachment, *held*, that the court had jurisdiction, and the property having been moved into an adjoining county (Shawnee) before the levy of the attachment, might be regularly attached in that action, by a levy thereon of an attachment in Shawnee county; *and held*, that such attachment will take priority of one subsequently levied on the same property, in a suit commenced in Shawnee county.

Jurisdiction having once vested in a court, cannot be divested by the subsequent removal of property sought to be reached, into another county.

The facts of the case are as follows :

On the 4th day of July, 1866, Carney & Stevens, and Dreyfoos & Dreyfoos, two firms, each commenced an action in the Douglas county district court, against Lipman Meyer, upon promissory notes, by filing their petitions and causing summons to be issued thereon ; and at the same time procured orders of attachment to be issued to the sheriff of Douglas county, and others to the sheriff of Shawnee county, upon due proof and security, on the ground of the non-residence of the defendant.

At that time the property afterwards attached was in the county of Douglas.

On the 5th day of the same month, the property was removed into the county of Shawnee.

On the 6th of the same month, said attachments, issued to the sheriff of Douglas county, were returned

*nulla bona,* and the summons also returned "Not found."

On the same day the attachments issued to Shawnee county were levied upon the property in question.

On the 12th day of the same month, alias summons in said causes were issued to the sheriff of Douglas county, and on the same day personally served, said Meyer having come from Leavenworth to Douglas county at the instance of Carney & Stevens, to be served.

On the —— day of November, 1866, judgments were rendered in said causes, and orders for the sale of said property entered.

On the 6th day of July, 1866, the plaintiffs in error commenced their several actions against Meyer, in Shawnee county, and caused orders of attachment to be issued, which were executed on the same property on the 7th day of the same month.

The plaintiffs in error served their several summons by publication, the first publication in Taylor's case being made on the 18th day of July, 1866, and in the causes of all the other plaintiffs in error, on the 12th of the same month.

Judgments and orders of sale were rendered in December, 1866, in the causes of the plaintiffs in error.

The property having been sold by the sheriff of Shawnee county, Taylor brought action in the district court of Shawnee county, seeking to have the judgments rendered in Douglas county adjudged void, as to him, and to settle priorities.

All the judgment creditors appeared and set up their claims.

The court adjudged the judgments of Carney & Stevens and Dreyfoos & Dreyfoos valid, and prior to all

other judgments, which judgment is brought here for review.

*Martin, Morton & Burns*, and *J. P. Douthitt*, for plaintiff in error.

*N. Cobb*, for defendants in error.

*Martin, Morton & Burns*, and *Douthitt*, made these points :

1. The facts found by the court do not sustain the conclusion of law, that the district court of Douglas county obtained jurisdiction either of the person or property of Meyer, prior to the levy of the attachment of plaintiff in error. *a.* A civil action is commenced by filing a petition in the clerk's office and causing a summons to issue thereon. (*Civ. Code*, § 62.) An action for money must be brought in the county where the defendant, or some one of them resides, or may be summoned. (§ 60.) The service of the summons in the mode pointed out by the statute, is what gives the court jurisdiction of the person. (15 *O.*, 435 ; 9 *id.*, 108, 111; 17 *id.*, 409, 431.) *b.* An action against a non-resident, can only be brought in a county wherein the defendant has property or debts owing him, or where he may be found. (*Civ. Code*, § 59.) Such action can only be brought under the provisional remedy of attachment, to subject the property of the non-resident. (*Id.*, § 77.) The order of attachment "shall be directed and delivered to the sheriff of the county, requiring him to attach the property of the defendant in his county." (§ 202.) The mode of procedure by the officer, and disposition of the attached

property, are pointed out in §§ 206, 207, Civ. Code, and §§ 79, 80, 81 provide how the service may be made complete on the property attached.  § 214 of the code provides that the order of attachment binds the property from the time of service.

2. The district court of Douglas county acquired no jurisdiction over the property by reason of attachment, because no property of the defendant was found in Douglas county.  *a.* The same rule is applicable to property as to persons.  Service must be made by summons, in the county of the suit, before jurisdiction is acquired over the person ; and the same is true as to the property.  Some portion of the property must be seized in the county where the action is brought, to give jurisdiction of the property.  Should the defendant be in the county of the suit when it was commenced, and go into another county before service of summons, no jurisdiction would be acquired.  *b.* The property, in this case, was moved from the county of the action before the attachment was served.  The court, therefore, acquired no jurisdiction over it.  (33 *Ill.*, 459 ; 31 *id.*, 248 ; 27 *id.*, 509 ; 2 *Kans.*, 340 ; 7 *Ben. Monroe*, 75 ; 3 *N. Y.*, 137 ; 9 *Iowa*, 319 ; 24 *Ind.*, 72 ; 51 *Penn. S.*, 244 ; *Drake on Attach.*, § 221 ; *Civ. Code*, § 214 ; *Story Confl. L.*, §§ 539, 549 ; 1 *Handy R.*)  *c.* The subsequent service of summons on Meyer, in Douglas county, on July 12th, could not give jurisdiction to issue an order of attachment on the 4th.  (7 *Ben. Monroe*, 75 ; 3 *N. Y.*, 137 ; 14 *Ben. Monroe*, 647.)  *d.* The facts giving jurisdiction, must have existed in Douglas county, and the court must have acquired jurisdiction in that county at the time or before the attachment was levied in Shawnee county.  (*See cases cited.*)  *e.* Filing a petition, affidavit and bond, does not confer

jurisdiction, nor does placing process in the officer's hands; but summons must be served, or the property attached in the county. 33 *Ill.*, 459; 15 *O.*, 435; 2 *Iowa*, 460; *Drake on Attach.*, § 221.

3. Procuring Meyer to come into the county of the action, for the purpose of the service of the summons, was a fraud on the rights of plaintiff in error, by which the defendant in error takes nothing. 9 *Iowa*, 145, 149; 19 *Iowa*, 358; 10 *Allen*, 410; 6 *Cal.*, 238; 14 *id.*, 401.

*Cobb* maintained :

1. The attachment of defendants in error, having been first levied, if valid, has priority. *Civ. Code*, § 214.

2. If they were invalid, they must have been so from lack of jurisdiction.

3. There was no lack of jurisdiction. *a.* Actions for money may be brought in any county in which there may be property of, or debts owing to, the defendant, or where the defendant may be found. (*Civ. Code*, § 39 ; 33 *Ill.*, 460.) That is, where service can be had of an attachment, or personal service of summons, within the county. *b.* Our action was properly brought in Douglas county, within the meaning of this section. We had personal service of the summons, eight days after the petition was filed. At the time the attachment issued there was property in the county. The action was, therefore, properly commenced. (*Civ. Code*, § 62.) But had the first summons not been served, an alias might have issued. (*Code*, § 68.) *c.* The fact that Carney & Stevens induced Meyer to come into Douglas county to be served with summons, is of no consequence. The district court has properly

found that it was done without fraudulent intent. It was, therefore, only an act of diligence, which the law approves. (*See Drake on Attach.*, § 273 *to* 281, *inclusive.*)  *d.* But if it should be held that the 59th section of the code, by the language, "where said defendant may be found," means that the said defendant must be in the county when the summons is issued, by parity of reasoning the language of the same section—"in which there may be property of, or debts owing to, said defendant"—means that such property must be in the county when the action is commenced, and not that it must be attached therein. In that case our actions were well commenced, because all the property attached was in the county of Douglas, when the actions were commenced; and the court would, therefore, acquire jurisdiction of the action by the presence of the property.

4. The court having acquired jurisdiction of the action, no doubt can exist that it acquired jurisdiction of the property by the service of our attachments in Shawnee county (*Code*, § 203), and that Carney & Stevens and Dreyfoos & Dreyfoos, by the priority of their levy, are entitled to priority in the distribution of the fund.

*By the Court,* BAILEY, J.

The record, in this case, presents precisely the same state of facts as that in the case between the same parties, decided in this court at the January term, 1867,\* with a single important exception. That exception or point of difference consists, in fact, that in the new trial the court finds as a fact that all the property

---

\* Thomas Carney *et al. v.* Robert Taylor, *ante p.* 178.

attached, though in Shawnee county at the time it was attached, was in Douglas county at the time the actions of the defendants in error, Carney & Stevens and Dreyfoos & Dreyfoos, were instituted in Douglas county, and this finding of fact is fully supported by the most unimpeachable testimony—that of the plaintiff in error himself, who swears distinctly that he had charge of the property at the time, and that during the whole of the fourth day of July, the property remained near Big Springs, in Douglas county, and that on the fifth it was moved within the limits of Shawnee county. In the former case, we held, upon the state of facts admitted by the demurrer, that the jurisdiction of the Douglas county district court did not attach, because, at the time the action was commenced, there was neither property of, nor debts owing to, said defendant, Meyer; nor was said defendant to be found within the county; and that the district court of Shawnee county had acquired jurisdiction of the property before Meyer came into Douglas county and was personally served. We are entirely satisfied of the correctness of that decision upon the state of facts appearing in that case; and we are, therefore, compelled to conclude, from the same course of reasoning, that where it is conclusively shown that at the time the actions of the defendants in error were instituted in Douglas county, the whole of the property in question was within the limits of that county; that the district court of Douglas county had jurisdiction, and that the attachment of the same property, two days afterwards, in Shawnee county, was regular, and gave to the defendants in error a priority of lien in the property attached.

The property of the defendant, Meyer, was within the state on the fourth of July, 1866, and as he was per-

sonally non-resident, the property was liable to at-
tachment for his debts. In what county was it so liable
on that day? Most clearly, in the county in which it
was on that day; that is, in the county of Douglas.

Accordingly, suit was commenced in the county of
Douglas, summons and order of attachment issued,
and jurisdiction having once vested in the court, it
could not be divested by the subsequent removal of
the property across the county line of Douglas into
Shawnee, where it was attached on the process properly
and legally issued in Douglas county, before the rights
of any person had intervened, or any process had is-
sued from the court in Shawnee county.

The judgment of the court below affirmed.

Kingman, C. J., concurring.